IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DJURO G. ZRILIC,

    Plaintiff,

v.                                                                                    Civ. No. 07-416 PJK/RLP

BOARD OF REGENTS FOR NEW
MEXICO HIGHLANDS UNIVERSITY, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel. Plaintiff served interrogatories and requests for production of documents (RFP) on Defendant. Defendant asserted various conclusory objections and then produced many of the documents, apparently in a piece-meal manner. The Motion itself requested Defendant be compelled to answer interrogatories 7 and 17 and produce the documents for RFP 4, 5, 11, and 13. Plaintiff's Reply indicates that Interrogatory 7 has now been answered.

This case alleges national origin discrimination and violations of various state law torts. Plaintiff was hired by New Mexico Highlands University (Highlands) as a visiting professor of engineering in 1991 and in 1992 he was hired as an assistant professor and placed on the tenure track in the engineering and technology department. He acquired tenure in either 1997 or 2002.[1] One of Plaintiff's claims of discrimination alleges that his salary was lower than other similarly situation tenured professors.

---

[1] The facts in this paragraph were taken from Plaintiff's Complaint. In ¶ 22, Plaintiff states he acquired tenure in 1997; in ¶ 24, he states he acquired tenure in 2002.

Interrogatory No. 17 states:

> Describe in detail each and every request Plaintiff made for travel reimbursement pursuant to the Minority Science and Engineering Improvement Project Grant, setting forth as to each request:
>
> (A) the date on which each request was made; (B) the dates of travel for which Plaintiff requested reimbursement; (C) identify the individual(s) responsible for approving such requests; (D) describe the action taken on each request; and (E) if denied, describe in detail the reasons why the request was denied.

Defendant objected that the interrogatory was overbroad and burdensome, and then went on to identify documents relevant to this interrogatory that had previously been produced and noted that, as to travel requests that were denied, "Defendant continues in its efforts to locate such documents if they exist."

The Court is unsure of what yet needs to be done to answer this interrogatory. Although Defendant inserted an objection, it then waived that objection by answering the interrogatory. A party may identify documents previously produced in response to an interrogatory and Defendant's response points Plaintiff to which documents are responsive. If Defendant has not served its sworn statement by an agent of Defendant who has reviewed the files for answer to this interrogatory, Defendant shall do so within ten (10) days of entry of this Order.

Request for Production No. 4 asks for certain documents. The Defendant inserted an objection and then produced the documents. The objection was waived; Defendant is not allowed to "re-write" the Request and produce only what it wants to. If Defendant has documents that it did not produce that are responsive to this Request, they shall be produced within ten (10) days of entry of this order.

Request No. 5 requests certain documents. No objection was raised. The documents were identified. Defendant has an on-going duty to supplement its responses if it identifies other documents responsive to Request No. 5.

Request No. 11 requests:

> All reports, findings, conclusions, communications, memoranda, investigations, and reports regarding any and all accreditation evaluations, mediations, and curriculum evaluations or recommendations regarding the engineering department or curriculum provided to the University beginning in 1996 through 2007.

Defendant objected that Request No. 11 was overbroad and burdensome, vague and irrelevant. In its Response, Defendant stated it stood by the objection as stated. The Court agrees that the Request, as written, is unclear and the 11 years seems too long a span to be relevant to this case. The Motion is therefore denied as to RFP 11.

Request No. 13 requests certain documents. Defendant objected and then identified certain documents responsive to Request No. 13. Again, objecting and then producing waives the objection; Defendant is not allowed to "re-write" the Request and produce only what it wants to. If any documents responsive to Request No. 13 were withheld, they shall be produced within ten (10) days of entry of this Order.

The Court declines to assess costs or sanctions and reiterates that the parties are under a continuing duty to supplement their discovery responses as stated herein.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 59] is granted in part and denied in part as stated herein.

_____
Richard L. Puglisi
United States Magistrate Judge